IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DARLENE A. VIVIAN,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 20-cv-00526-DKW-RT<br><br>**ORDER REVERSING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff Darlene Vivian appeals the denial of her applications for disability insurance benefits and supplemental security income, asserting that the Administrative Law Judge (ALJ) gave insufficient reasons for rejecting her symptom testimony.   Among other things, Vivian claims that the ALJ failed to consider written testimony she gave and ignored parts of her oral testimony.   The Court agrees that the ALJ's decision provides no indication that consideration was given to Vivian's written testimony regarding her pain−testimony that appears to lend support to Vivian's subsequent oral testimony on the same subject.   Analysis and findings with respect to this written testimony, in the first instance from the

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi was automatically substituted as the party-defendant in this action upon her appointment as the Acting Commissioner of Social Security.

ALJ, would thus be helpful to this Court on review.   For this reason, this case is REMANDED for further analysis by the ALJ.

## **BACKGROUND**

### I.   **Review of Disability Claims**

A five-step process exists for evaluating whether a person is disabled under the Social Security Act (SSA).   20 C.F.R. § 404.1520; 20 C.F.R § 416.920.   First, the claimant must demonstrate that she is not currently involved in any substantial, gainful activity.   *Id*. §§ 404.1520(a)(4)(i), (b); §§ 416.920(a)(4)(i), (b).   Second, the claimant must show a medically severe impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities.   *Id*. §§ 404.1520(a)(4)(ii), (c); §§ 416.920(a)(4)(ii), (c)   Third, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled.   *Id*. §§ 404.1520(a)(4)(iii), (d); §§ 416.920(a)(4)(iii), (d).

If the claimant's impairment does not match or is not equivalent to an established listing, the Commissioner makes a finding about the claimant's residual functional capacity (RFC) to perform work.   *Id*. § 404.1520(e); § 416.920(e). The evaluation then proceeds to a fourth step, which requires the claimant to show her impairment, in light of the RFC, prevents her from performing work she

performed in the past.   *Id*. §§ 404.1520(a)(4)(iv), (e), (f); §§ 416.920(a)(4)(iv), (e),

(f).   If the claimant is able to perform her previous work, she is not disabled.   *Id*.

§ 404.1520(f); § 416.920(f).   If the claimant cannot perform her past work,

though, the evaluation proceeds to a fifth step.   *Id*. §§ 404.1520(a)(4)(v), (g);

§§ 416.920(a)(4)(v), (g).   At this final step, the Commissioner must demonstrate

that (1) based upon the claimant's RFC, age, education, and work experience, the

claimant can perform other work, and (2) such work is available in significant

numbers in the national economy.   *Id*. § 404.1560(c); § 416.960(c); *Tackett v.*

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (explaining that, at Step Five, the

burden moves to the Commissioner).   If the Commissioner fails to meet this

burden, the claimant is deemed disabled.   20 C.F.R. § 404.1520(g)(1);

§ 416.920(g)(1).

## II.   <u>Vivian's Administrative Proceeding</u>

On April 23, 2020, the ALJ issued a decision finding Vivian "not disabled"

for both disability insurance benefits and supplemental security income purposes.

Administrative Record (AR) at 22.   At Step One of the evaluation process, the

ALJ determined that Vivian had not engaged in substantial gainful activity since

the alleged onset date of December 16, 2017.   *Id*. at 17.   At Step Two, the ALJ

determined that Vivian had the following severe impairments: degenerative

changes of the cervical spine with spinal stenosis and radiculopathy; myelomalacia at C5-6; obesity; and degenerative spondylosis of the lumbar spine. *Id*. At Step Three, the ALJ determined that Vivian did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the governing regulations. *Id*. at 18.

Before reaching Step Four, the ALJ determined that Vivian had the residual functional capacity to perform light work, except as follows:

> [S]he could stand/walk for 6 hours out of 8; she could sit for 6 hours out of 8; she could occasionally perform postural activities; she could perform minimal overhead work (not to exceed 10% of the day); she could have occasional exposure to hazardous machinery or unprotected heights; she could not climb ladders, ropes, or scaffolds; she could frequently engage in use of the left dominant hand.

*Id*. at 18-21.

At Step Four, the ALJ determined that Vivian was capable of performing past relevant work as a psychiatric aide. *Id*. at 21. As a result, the ALJ did not reach Step Five of the evaluation process and determined that Vivian was not disabled from December 16, 2017 through the date of the decision. *Id*. at 22.

On September 29, 2020, the Appeals Council denied Vivian's request for review of the ALJ's decision. *Id*. at 1.

4

## STANDARD OF REVIEW

A court must uphold an ALJ's decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec*., 528 F.3d 1194, 1198 (9th Cir. 2008).   "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*. (quotation omitted).   Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted).   "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*.; *see also Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") (citations omitted).

## DISCUSSION

In her Opening Brief, Dkt. No. 14, Vivian challenges only the ALJ's assessment of her symptom testimony.   More specifically, Vivian argues that the ALJ failed to consider written testimony she gave regarding her pain and "ignored" parts of her oral testimony.   *Id*. at 13-16.   Vivian also argues that the ALJ did not give "specific, clear and convincing" reasons for rejecting other parts of her oral testimony.   *Id*. at 17-24.   In its Answering Brief, Dkt. No. 15, the government

does not address the ALJ's failure to consider Vivian's written testimony, *see generally id.*, but asserts that the ALJ gave sufficient reasons to reject her oral testimony, *id.* at 9-18.

As discussed further below, the ALJ's decision provides no indication of whether Vivian's written testimony was considered, even though the same provides support for oral testimony Vivian gave regarding her pain.   Because it is not evident that the ALJ considered this relevant evidence in formulating the RFC, the Court remands for correction of this legal error.

In a January 17, 2018, Adult Function Report, Vivian stated, *inter alia*, some days are "very bad" so she rests in bed; on other days, she takes the bus to the beach or to go shopping and then rests after returning home; on Sundays, she goes to church and then rests, and she must rest "often."   AR at 220, 224, 226.   In an April 27, 2018 Pain Questionnaire, Vivian stated, *inter alia*, she must "stop and rest" after doing dishes; when she is in pain, she sits or lies down to relieve the pain; and she must take a break and rest from household chores due to pain.   *Id.* at 262-264.

During her oral testimony on April 13, 2020, Vivian testified, *inter alia*, that she had tried to find a job where she "could work every other day and then rest," she would need to "lay down and rest" after sweeping the floor or washing some

dishes, and she would need to "lay down" after doing about 15-20 minutes of household chores.   AR at 30, 36, 39, 45.

At best, the ALJ's decision arguably mentions that Vivian must take breaks after doing household activities.[2]   Nowhere in the decision, however, does it reflect that the ALJ considered (or was even aware of) Vivian's written testimony.[3] The written testimony, though, at the very least, is relevant evidence because it was taken shortly after Vivian's alleged onset date and provides support for Vivian's oral testimony regarding her need to rest after doing household chores and various daily activities.   In other words, while the ALJ stated that Vivian's oral testimony was "inconsistent with the overall record[,]" AR at 19, the ALJ does not appear to have considered evidence that was consistent with the same.   *See* 20 C.F.R. §§ 404.1520b, 416.920b (explaining how consistent and inconsistent evidence is considered).   This was legal error.   *See* 20 C.F.R. §§ 404.1545(3), 416.945(3) (providing that the RFC will be assessed "based on all of the relevant medical and

---

[2]Even this is far from clear, despite the government's contrary contention.   Notably, although the government asserts that the ALJ "acknowledged" Vivian's testimony in this regard, *see* Dkt. No. 15 at 11, the only support for the same is the ALJ mentioning that Vivian "must take a break for her hands while washing dishes."   *Id.* (citing AR at 19).   That is hardly the scope of Vivian's testimony on this subject, however, which appears focused more upon attempting to relieve her neck pain.   *See* AR at 45 ("Well, it all stems from my neck, but yeah, it's—I don't have the upper body strength or no arm strength anymore.").
[3]This is perhaps why the government does not address the same.

other evidence.").   Moreover, for purposes of this Court's role as a reviewing court, the undersigned has not been provided with the ALJ's reasoning, in the first instance, as to why the written testimony was (or was not) worthy of support. Therefore, this case must be remanded for the ALJ to perform this role.   *See id*. §§ 404.1520(e), 416.920(e).

In particular, on remand, the ALJ should, in any decision, expressly address and consider Vivian's written testimony, in conjunction with her oral testimony, and explain why such testimony is or is not supported by the record.   This should include evaluating Vivian's testimony that she must rest after doing household chores due to her neck pain.[4]

## **CONCLUSION**

To the extent set forth herein, the Commissioner's decision, denying Vivian's applications for disability insurance benefits and supplemental security income, is REVERSED.   This case is REMANDED to the Commissioner for further administrative proceedings consistent with this Order.   The Clerk of Court is directed to close this case.

---

[4]To the extent other issues are raised in Vivian's opening brief, such as the inadequacy of the ALJ's reasons for discounting her oral testimony, the Court does not address them in light of the findings herein and order remanding to the ALJ.   *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (remanding to the ALJ and, as a result, declining to reach an alternative ground for remand).

IT IS SO ORDERED.

DATED: November 17, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge